
UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA M. MOTE, | No.  2:13-cv-2640-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1]  In his motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from October 31, 2008, plaintiff's alleged disability onset date, through the date of the ALJ's decision.  (ECF No. 17.) The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 20.)  No optional reply brief was filed.

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 7, 9.)

For the reasons discussed below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and enters judgment for the Commissioner.

I.   BACKGROUND

Plaintiff was born on September 13, 1981, completed 2 years of college education, is able to communicate in English, and previously worked as a construction laborer, mason's helper, kitchen supervisor, pizza delivery driver, and custodial maintenance worker.[2] (Administrative Transcript ("AT") 31, 85-86, 90-91, 206, 208, 212.)  On February 27, 2009, and May 19, 2009, at the age of 27, plaintiff applied for DIB and SSI, respectively, alleging that his disability began on October 31, 2008, and that he was disabled primarily due to posttraumatic stress disorder and degenerative disc disease. (AT 20, 31, 85-86, 90-91, 184, 188, 207.)[3]  On September 29, 2009, the Commissioner determined that plaintiff was not disabled.  (AT 20, 92-99.)  Upon plaintiff's request for reconsideration, that determination was affirmed on April 12, 2010.  (AT 20, 106-11.)  Thereafter, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on January 27, 2011, and July 29, 2011, and at which plaintiff, represented by a non-attorney representative, and a vocational expert ("VE") testified.  (AT 20, 38-74, 75-84.)

In a decision dated August 25, 2011, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from October 31, 2008, plaintiff's alleged disability onset date, through the date of the ALJ's decision.  (AT 20-33.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 23, 2013.  (AT 1-3.)  Thereafter, plaintiff filed this action in federal district court on December 22, 2013, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Regardless of the alleged disability onset date, SSI is not payable prior to the month following the month in which the application was filed.  20 C.F.R. § 416.335.

II.     ISSUES PRESENTED

Plaintiff has raised the sole issue of whether the ALJ improperly rejected the opinion of the consultative examining psychiatrist concerning plaintiff's mental functional limitations.

III.    LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.     DISCUSSION

      A.     Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[4]  At the first step, the ALJ concluded that plaintiff had

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

3

1  not engaged in substantial gainful activity since October 31, 2008, plaintiff's alleged disability

2  onset date.  (AT 22.)  At step two, the ALJ found that plaintiff had the following severe

3  impairments: degenerative disc disease, hepatitis C, depression, anxiety, and history of alcohol

4  and drug abuse.  (Id.)  However, at step three, the ALJ determined that plaintiff did not have an

5  impairment or combination of impairments that met or medically equaled the severity of an

6  impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (AT 23.)

7      Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity

8  ("RFC") as follows:

> After careful consideration of the entire record, the undersigned
> finds that the claimant has the residual functional capacity to
> perform a full range of light work as defined in 20 CFR
> 404.1567(b) and 416.967(b).  He can lift, carry, push and/or pull 20
> pounds occasionally, and 10 pounds frequently.  He can sit for 8
> hours in an 8-hour workday, with normal breaks. He can stand and
> walk for 6 hours with normal breaks in an 8-hour workday.  He
> cannot climb ladders, ropes, or scaffolds.  He can occasionally
> stoop, crouch, crawl and kneel.  He cannot work around extreme
> temperatures.  Mentally, he can understand, remember, and carry
> out simple job instructions.  He is moderately (greater than mild,
> and less than marked limitation; the individual is still able to
> function satisfactorily) limited in understanding, remembering, and
> carrying out detailed work instructions.  He is not limited in making
> judgments on simple work-related decisions.  He is slightly limited
> in making judgments on detailed work-related decisions.  He is not
> limited in interacting appropriately with co-workers, the public and
> supervisors.  He is moderately limited in his ability to respond
> appropriately to work pressures in the usual work settings and to

---

Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

  The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4

1           changes in a routine work setting.

2 (AT 26.)

3       At step four, the ALJ found that plaintiff was unable to perform any past relevant work.

4 (AT 30.) However, at step five, the ALJ determined, based on the VE's testimony, that,

5 considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in

6 significant numbers in the national economy that plaintiff could perform. (AT 31-32.)

7       Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined

8 in the Act, from October 31, 2008, plaintiff's alleged disability onset date, through the date of the

9 ALJ's decision. (AT 33.)

10       B.     Plaintiff's Substantive Challenges to the Commissioner's Determinations

11       Plaintiff contends that the ALJ improperly rejected the opinion of the consultative

12 examining psychiatrist, Dr. Ana Maria Andia, concerning plaintiff's mental functional

13 limitations.

14       On August 5, 2009, Dr. Andia reviewed plaintiff's records, interviewed plaintiff, and

15 performed a comprehensive psychiatric evaluation. (AT 407-14.) Dr. Andia diagnosed plaintiff

16 with alcohol abuse, cannabis abuse, stimulant abuse (allegedly in full remission), dysthymic

17 disorder, panic disorder, and a GAF of 60.[5] (AT 412.) She opined that plaintiff was able to

18 understand, remember, and carry out simple one- or two-step job instructions; able to do detailed

19 and complex instructions; able to relate and interact with coworkers and the public; mildly to

20 moderately limited in his ability to maintain concentration and attention, persistence, and pace

21 due to his depressive symptoms and anxiety attacks; able to associate with day-to-day work

22 activity, including attendance and safety; able to accept instructions from supervisors; mildly to

23 moderately limited in his ability to maintain regular attendance in the work place and perform

24 work activities on a consistent basis due to his depressive symptoms and anxiety attacks; and able

25 to perform work activities without special or additional supervision. (AT 413-14.)

---

[5] GAF is a scale reflecting "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000). A GAF score of 51-60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. Id.

Plaintiff argues that the ALJ's RFC failed to account for the mild to moderate concentration, attention, persistence, pace, and attendance limitations assessed by Dr. Andia. That argument borders on the frivolous. Despite assessing such mild to moderate mental limitations, Dr. Andia clearly opined that plaintiff was capable of performing even detailed and complex work, and specifically noted that plaintiff was able to "associate with day-to-day work activity, including attendance and safety." (AT 413.) Dr. Andia did not indicate that plaintiff's mild to moderate mental limitations would result in plaintiff having excessive absences beyond a number customarily tolerated in the workplace; nor that plaintiff would be unable to sustain concentration, attention, persistence, and pace for purposes of performing day-to-day work activity. To the extent that any ambiguity existed, the ALJ's resolution of such ambiguity was reasonable.

Moreover, even assuming, without deciding, that the ALJ erred in not expressly listing such mild to moderate mental limitations in the RFC, any such error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). The Ninth Circuit has already held that moderate mental limitations are not sufficiently severe so as to require vocational expert testimony. Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (involving an assessment that the claimant was moderately limited in "his ability to maintain attention and concentration for extended periods; his ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerance; and his ability to complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.").

V.    CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 20) is GRANTED.

3. Judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  February 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE